Our final case of the day is United States v. Williams. Mr. Henderson. Good morning. May it please the Court. My name is Peter Henderson and I represent Charles Williams. Charles Williams was convicted and sentenced to prison on a guilty plea that violated the Constitution. He had no opportunity to move to… Isn't that the thing to be proven rather than the thing to be assumed? I think the government conceded that. I think that the government… I don't read the government as conceding that. Well, Mr. Williams… that Rehafe mattered to him. And so I looked to see, is there, for example, an affidavit from him saying, had I known about Rehafe, I would never have pleaded guilty? Is there such an affidavit? No. Is there an explanation about whether Rehafe would give him a plausible defense? No. Okay. So unless we were to take the view that every change of law after a guilty plea means that the plea violates the Constitution, even without any reason to infer prejudice, there would be a big… you can't say there was a violation of the Constitution. And the Supreme Court has actually addressed that question  In a case neither side bothers to cite, it's Brady against the United States, holding that under those precise circumstances, there's no constitutional problem. Well, I'm not prepared to address Brady. Yes, I know. Nobody's mentioned it here. What I would say, though, I think there's a difference between whether there's a constitutional error and whether it needs to be remedied. And I think the prejudice is about the remedy. The problem is, essentially, who needs to show something here? On the view that there was a constitutional violation, the prosecutor has to show it's harmless beyond a reasonable doubt. But if, on the other hand, one essentially needs to show that there is a fair and just reason for withdrawing a plea, then the burden is on the defendant. And as I say, one can't just say there has been… the Supreme Court's decision in Rehave was not anticipated by this defendant, and therefore there's a constitutional violation. That's Brady. There is no constitutional violation. But there might still be a fair and just reason to withdraw the plea. So the question, I suppose, is, was the plea knowing and voluntary? No, Brady rejected that theme, too. I am very disappointed that neither side talked about Brady. Neither side talked about Brady in the briefs that led to our recent decision in the de la Torre case. If you don't discuss controlling decisions of the Supreme Court, things go off the rails. Understood. I suppose what I would say then is let's assume there's no constitutional error here. The question is what happens when the law changes and the defendant has no opportunity to put into the record an affidavit, for example, or a compelling explanation of why he would have made a different decision. Why was there no opportunity to put such an affidavit into the record? The district court no longer has jurisdiction to hear things in this case. You can supplement the record under Appellate Rule 10? Well, I don't believe this would be an appropriate sort of material under that rule, under Rule 10. Is it your position that such an affidavit, that your client would be willing to make such an affidavit? Yes, he would be willing to. And that's what we've presented on appeal is the fact that he's appealing, and he's appealing with counsel who presumably has explained all of what's going on and what the consequences of this decision, et cetera, are. That defeats the government's burden to prove this error harmless beyond a reasonable doubt. The other way to think about it, though, is it's really a question of timing. If Mr. Williams had pleaded guilty and then Rahafe comes out before sentencing, he would have had a chance to move to withdraw his plea under Rule 11. The district court would have only been able to deny that if he had not, or his burden of persuasion that there was a fair and just reason to withdraw the plea. If the burden stays on you, can you meet the requirement to establish a reasonable probability based on the record before the court now that your client would not have pleaded guilty if he had known about Rahafe? No, because there was no record because there was no need to make a record. I suppose if the court says under Rule 10 in this situation, you can supplement the record by submitting new evidence to the court of appeals. That would be a way to get that evidence in the record where we could show a reasonable probability. We have a sworn statement, et cetera. I've never read Rule 10 to allow that sort of new evidence on appeal. So the question now on timing, because Rahafe came out not just after the guilty plea but after the final judgment, the question is, if the district court had considered that motion, would it have abused its discretion in finding there was no fair and just reason? No. The only way to find out what the district judge would do is ask the district judge. That's our alternative suggestion, Your Honor. This is like a little bit like— We have more than once given a limited remand to a district court to find out what it would do had it known about some subsequent decision of the Supreme Court. That's right, and that's exactly what the court did after Booker. This case is a little bit like what happened after Bailey. So we've got Abdul and the Lee case. Somehow we need to, in my opinion, allow Mr. Williams the chance, at least, to make a record about what he would have done had he known the elements of the offense as the Supreme Court announces them. And so whether that's a limited remand, whether it's vacating the conviction altogether, we still do maintain that this is a constitutional violation, but I understand the point about Brady, and perhaps I can address that after the argument. I will reserve the remainder of my time for rebuttal, though. Thank you. Certainly, counsel. Ms. Bonamici. Thank you. May it please the Court, Deborah Bonamici on behalf of the United States. Initially, I want to apologize for failing to address the case that you've mentioned. We've had essentially three identical guilty plea cases involving a decision of the Supreme Court that post-stated the guilty plea. They've all been briefed by the Northern District of Illinois, and in not one of them has either Brady against the United States or United States against Brochie been cited. Not one. Although they are the two controlling Supreme Court cases, and Brady is smack on point. We will deal with that. I apologize again. What I would say is that the defendant cannot, even if he were to have a chance to submit an affidavit, establish a fair and just reason to withdraw his plea in this case because even a statement by the defendant that he would have acted differently had he known of the rehabilitation. Well, suppose he files an affidavit saying, there is no way I would have pleaded guilty had I known that the prosecutor had to bear the burden of proof and persuasion established by rehab. And the district judge says, I believe you. You may be foolish in thinking that, but I believe you. Would that not be a fair and just reason to withdraw the plea? Perhaps it would be, but I don't think the district, certainly the district court would not be required to accept that. No, the district judge might say, I don't believe you. But so far the district judge hasn't had a crack at that. That's true. But in this case, that crack wouldn't go very far because the defendant, I mean the facts of this case are about as strong as they can be. The defendant was convicted of murder, obviously a crime punishable by a term of imprisonment exceeding a year. He was sentenced to 30 years in prison. His sentence was later reduced to 25 years. He actually served 14 years. It's just not possible that the defendant was not aware of his previous conviction. Look, the district judge might not believe it, if only because defendants normally do everything they can not to put the details of their prior convictions before the jury. And if somebody says, in light of Rehafe, I want a trial, the details of their prior convictions are going before the jury. Correct. And it's really just impossible to view that as an actual basis here for finding that the Rehafe error, the error in accepting the guilty plea in this case, was actually affected the defendant's substantial rights. That's not what happened here. Sure, there are going to be cases where the defendant's substantial rights are affected by this. But here, where the record contains the evidence, I mean, the defendant did not expressly admit that he knew at the time of his conviction, and the sentence that was imposed, but he did admit the facts that established that it's impossible that he did not. And under those circumstances, and it's particularly here where he has not even made the claim until now, and he hasn't submitted an affidavit, nor has he actually claimed that he would have acted this way. Well, he says, at least Mr. Henderson says, that he did not believe that Rule 10 could have been used to put in such an affidavit. What's the prosecutor's view about that issue? Rehafe happened after the case was done in the district court. So would you have objected if he had tendered such an affidavit? Well, I didn't think about that particular thing because he at minimum could have at least said in his briefing that that's a position that the defendant would take, and he did not. But this might be a situation where a 2255 would have been the more appropriate basis to raise the issue. I haven't thought about it until I'm standing right here, and I don't know whether— No. I think I might actually— No defendant would want to take this on 2255 given the holding in Brochie. But it's obvious that Northern District of Illinois seems not to have read Brochie. No, I— This is something that any defendant would be desperate to have on direct appeal and not on collateral attack. That's probably correct, Your Honor. And I don't know as I stand here right now whether— I agree with Mr. Henderson, though, that we normally read Rule 10 to be limited to presenting to the appellate court matters that have previously been presented to the district court. That is our normal take on Rule 10. But we also know that this court has held that it can in its discretion consider other matters, matters that weren't presented to the district court where appropriate. So it's not a bright-line rule, but it is the general standard. So I don't disagree with Mr. Henderson on that. What I would say is that in this case, the plein air standard does apply, and it is not possible for the defendant to meet it here. I don't think that an affidavit would change that fact. Given all of the other circumstances here. And it's not really just a question of whether the court would believe it. The court may believe that as he stands here today, this is what Mr. Williams thinks he would have done. I suppose that could be true. But the question of whether he actually would have acted differently is something completely different. And on these facts, it's just, it's not really a credible, plausible claim. So this would be, I do think. It sounds like you're thinking the district judge might say, you've said you wanted the jury to learn you were a murderer, but I don't believe you. That, and I don't actually believe you when you say that this is important to you, knowing that it doesn't make sense for it to be. It sounds like a decision for a district judge and not for the Court of Appeals. I think that it sounds right when you consider that, but this court does apply a plein air standard. And the plein air standard on these facts depends on. I have a hard time seeing how plein air can be the standard when there wasn't any claim that the district judge made any decision at all. And therefore couldn't have made an error. This is something where the Supreme Court has a decision that post-dates everything that happened in the district court. The district court was never asked to say anything about the elements of this offense. Well, but the original, I mean, the defendant could have argued in the district court what the defendant and Rehia argued. Of course, then he wouldn't have pleaded guilty. Pardon me? Then he wouldn't have pleaded guilty. Correct, correct. It's very difficult to see that the district court committed a plein air in allowing the defense to plead guilty. That we agree with. That's our position. We don't think that's true. But, of course, rejecting a request to withdraw the plea might be a plein air or an error or an abuse of discretion or something like that. It might hypothetically be. We don't think that it would be here, actually. I mean, we disagree with that. We do not think that it would be an error or an abuse of discretion on these facts in this case for the court to refuse to request to withdraw a plea. The point being that while there certainly will be cases where on direct review it would be inappropriate not to remand. I guess my point is not clear. I have a hard time seeing how there can be plein air when there was not any relevant decision of the district court that could be either error or not. Well, the plein air review deals with the court's error in failing to inform the defendant of the knowledge requirement recognized in Rahib and failing to obtain a factual basis for the plea that included that knowledge requirement or an express statement regarding that knowledge requirement. That's the error that's in question here. And so it could be plein in some circumstances. It's not plein here. That's the government's position. That's what I'm saying when I say how could it be plein air. Are you saying, Judge, that you find it hard to understand why plein air review should apply in this circumstance? I'm not asking you to go back and look at the Solicitor General's brief in the Vaughn case. In the Vaughn case, which applied plein air to the acceptance of a guilty plea, the Solicitor General argued that no review at all was permitted. And the Supreme Court said if any review is permitted, it would be plein air. But we are not holding, that is we are not reaching the Solicitor General's argument, that no review at all is permitted because there was no error. You have essentially conceded away a point the Solicitor General took to the Supreme Court. Now, the Department of Justice is entitled to change its mind about these matters, but I think you may be unaware of what the Solicitor General argued in Vaughn, just as you seem to be unaware of Brady and Broachie. I think the appropriate thing for the government and the defense to do in this context is to file a 28-J letter with the court's permission addressing the issues that you've raised that we failed to raise in the briefs, and we're certainly anxious to do that. I'm sorry. Could you please raise your voice? I'm not sure what you're asking for. I'm suggesting that we file a 28-J letter addressing, or a supplemental brief if you prefer, addressing the cases that you've raised here. If we think we need that assistance, we will let you know. That sounds fine. Okay? Thank you, Judge. Anything further, Mr. Henderson? I was able to refresh my recollection on Brady, so maybe we can address that. As I understand Brady, the law changed in regard to what the permissible penalty was, and the Supreme Court rejected an argument that said you're pleased, therefore not knowing involuntary because you didn't know the correct penalty. And they said broadly that any subsequent change of law is covered by the same rule. Any change of law after the date of the guilty plea is not a basis for finding the guilty plea to be unconstitutional. That's the holding of Brady. Right. I may disagree with that reading of Brady. It is what the Supreme Court said. I certainly understand that. I don't think that's what the Supreme Court said. Obviously, you get to decide what the Supreme Court said. No, only the Supreme Court gets to decide what the Supreme Court said. Well, you get to interpret it. But there's a difference between penalties and elements, and what the Supreme Court keeps saying is that element, you have to know the element. You can try that line, but Brochie rejected that proposed distinction. Again, perhaps my friend's suggestion that we – Well, if we think it is relevant, we will let you know. That sounds fine to me. Apart from that, again, part of maybe what we're talking about, too, is when there's a change in the interpretation of a criminal statute by the Supreme Court, it's presumed that that is what the law always meant. And so, again, it's like Bailey where they change what use means, and that means it's not just the people who come after Bailey who have to admit to those elements. That's what the law always required. Well, at least it is fully retroactive on direct appeal. That's one of the reasons why I said that you would desperately want to have this resolved on direct appeal and not on collateral review. That's exactly right. Whether it's retroactive on collateral review would be a much harder question. That's exactly right. And I think part of this case is just where do you draw the line. When is a conviction final? And it's final after direct review. And so up until that point, if there is a fundamental problem, we think it's a constitutional problem with the knowing and voluntary nature of the plea, we should be able to address it. And so we'll leave it up to you to figure out a way to address it. Thank you very much. Thank you very much, counsel. The case is taken under advisement and the court will be in recess. Thank you.